IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CANAL INSURANCE COMPANY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:13-cv-00447 |
| | ) |
| MOORE FREIGHT SERVICES, INC., | ) |
| PATTY C. WILSON, individually and | ) |
| as administrator of the ESTATE OF | ) |
| JERRY WILSON, TA OPERATING, | ) |
| LLC, TRESTON WESLEY HARRIS, | ) |
| EASTBRIDGE TRAILERS, | ) |
| COMPANY, MANAC, INC., | ) |
| MANAC TRAILERS USA, INC., | ) |
| HENDRICKSON, USA, LLC, and | ) |
| BOLER COMPANY, | ) |
| | ) |
|     Defendants. | ) |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now the Plaintiff, Canal Insurance Company, by and through counsel, and for its Amended Complaint against the Defendants would show the Court as follows:

**PARTIES**

1. Canal Insurance Company (hereinafter referred to as "Canal") is a South Carolina corporation with its principal place of business located at 400 E. Stone Avenue, Greenville, South Carolina 29601.

2. Defendant Moore Freight Service, Inc. (hereinafter referred to as "Moore Freight") is a Tennessee Corporation with its principal place of business located at 2000 Eastbridge Blvd., Mascot, Knox County, Tennessee 37806.

1

3. Defendant Patty C. Wilson, individually and as administrator of the Estate of Jerry Wilson (hereinafter collectively referred to as "Wilson"), is a citizen of North Carolina and resides at 1948 Twin Ponds Drives, Hickory, North Carolina 28601.

4. Defendant TA Operating LLC (hereinafter referred to as "TA Operating") is a Delaware corporation with its principal place of business located at 24601 Center Ridge Road, Suite 200, Westlake, Ohio 44145-5639.

5. Defendant Treston Wesley Harris (hereinafter referred to as "Harris") is an individual citizen of Pennsylvania and resides at 500 Linden Street, Lock Haven, Pennsylvania 17745 or 511 Glenwood Avenue, Du Bois, Pennsylvania 15801.

6. Defendant Eastbridge Trailers (hereinafter referred to as "Eastbridge") is a Tennessee company with its principal place of business located at 2000 Eastbridge Blvd., Mascot, Tennessee 37806.

7. Defendant Manac, Inc. (hereinafter referred to as "Manac") is a Canadian corporation with its principal place of business located at 22705 107E Rue Saint-Georges (Quebec) G5Y 8G6.

8. Defendant Manac Trailers USA, Inc. (hereinafter referred to as "Manac Trailers") is a Delaware corporation with its principal place of business at 1202 Butler Road, Freeport, Pennsylvania 16229.

9. Defendant Hendrickson, USA, LLC (hereinafter referred to as "Hendrickson") is a Delaware LLC with its principal place of business located at 2070 Industrial Place SE, Canton Ohio 44707.

10. Defendant Boler Company (hereinafter referred to as "Boler") is a Delaware corporation with its principal place of business at 500 Park Boulevard, Suite 1010, Itasca, Illinois 60143.

## JURISDICTION AND VENUE

11. Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332, as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

12. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 because it is the district in which a substantial part of the events given rise to the claim occurred. Specifically, the contract of insurance at issue between Moore Freight and Canal was negotiated and delivered in Knoxville, Tennessee, which is in this district, through the insurance agent Moore Freight used.

## FACTS

13. On February 28, 2013, Wilson commenced a lawsuit in the United States District Court for the Eastern District of Pennsylvania against Hospitality Properties Trust d/b/a Travelcenters of America, TravelCenters of America, LLC, Harris, Moore Freight, Eastbridge, and Utility Trailer Manufacturing Company. The lawsuit bears civil action number 2:13-cv-01093. A copy of the complaint was previously attached as Exhibit A to Complaint for Declaratory Relief (D.E. No. 1-1).

14. On June 14, 2013, Wilson filed an Amended Complaint which, among other things, named Manac, Inc. and Manac Trailers USA, Inc. as additional defendants; substituted TA Operating LLC for Defendant TravelCenters of America, LLC; and removed

Hospitality Properties Trust d/b/a TravelCenters of America, LLC as a named defendant. A copy of the amended complaint is attached hereto as **Exhibit A**.

15. On September 25, 2013, Wilson filed a Second Amended Complaint which, among other things, named Hendrickson and Boler as additional defendants; and removed Utility Trailer Manufacturing Company as a named defendant. A copy of the second amended complaint is attached hereto as **Exhibit B**.

16. The allegations of the underlying tort suit arise from the alleged personal injury and wrongful death of Jerry Wilson on or about October 17, 2011.

17. According to the allegations of the underlying lawsuit, at all relevant times, Jerry Wilson was hired by Moore Freight to haul glass; Moore Freight provided Jerry Wilson with trailer #211857 TN Reg #U256293 to haul the glass; and Jerry Wilson was using the trailer in the course and scope of occupation.

18. Further according to the allegations of the underlying lawsuit, on or about October 17, 2011, Jerry Wilson pulled his truck to the side of the road because his trailer's brakes began smoking and/or caught fire. While responding to this situation, Jerry Wilson's heart stopped beating, and he died.

19. The underlying lawsuit alleges that the various defendants, including Moore Freight, are liable for the personal injuries and death of Jerry Wilson under theories of strict product liability and negligence which proximately caused the injuries and resulting death. The lawsuit further alleges that the various defendants, including Moore Freight, are liable to Patty Wilson for the loss of consortium.

## Canal Insurance Policy

20.     Plaintiff Canal issued its commercial automobile policy, policy number PIA06396501 (copy previously attached as Exhibit B to Complaint for Declaratory Judgment (D.E. No. 1-2)), to Defendant Moore Freight on January 1, 2011. This "Moore Freight policy" was in full force and effect at all times pertinent to this action. Moore Freight is the named insured on this policy.

21.     The Moore Freight policy contains an exclusion for "'bodily injury' to [a]n 'employee' of the 'insured' arising out of and in the course of [e]mployment by the 'insured' or [p]erforming the duties related to the conduct of the 'insured's' business." For purposes of the Moore Freight policy, an independent contractor is a statutory employee. Wilson alleges that Moore Freight hired Jerry Wilson to haul glass; that Moore Freight provided a trailer to Jerry Wilson to haul the glass; and that Jerry Wilson used the trailer in the course and scope of his occupation. Therefore, because Jerry Wilson was either an employee or an independent contractor of Moore Freight at the time of the accident, coverage is not afforded under the Moore Freight policy.

22.     The Moore Freight policy contains a workers' compensation exclusion which excludes coverage for "[a]ny obligation for which the 'insured' or the 'insured's' insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law." For purposes of the Moore Freight policy, an independent contractor is a statutory employee. Wilson alleges that Moore Freight hired Jerry Wilson to haul glass; that Moore Freight provided a trailer to Jerry Wilson to haul the glass; and that Jerry Wilson used the trailer in the course and scope of his occupation. Therefore, because Moore Freight may be held liable for Jerry Wilson's personal injury and

death under workers compensation, coverage is not afforded under the Moore Freight policy.

23. The Moore Freight policy provides coverage for an insured resulting from an "accident" and "bodily injury" resulting from the ownership, maintenance, or use of a covered "auto". The allegations of the underlying lawsuit allege a cause of action for product liability stating, among other things, that the trailer and/or braking system was dangerous, defective, and/or a hazardous condition and that Defendant Moore Freight is strictly liable under product liability. The Moore Freight policy affords no coverage for allegations of product liability and such allegations do not meet the policy definitions of an "accident" and "bodily injury" arising from ownership, maintenance, or use of a covered "auto"; therefore, coverage is not afforded under the Moore Freight policy.

24. The Moore Freight policy contains a federally mandated endorsement (known as the "MCS-90 endorsement") that may be applicable under certain circumstances. However, the MCS-90 endorsement only applies to "for-hire motor carriers operating motor vehicles transporting property in interstate or foreign commerce." 49 C.F.R. § 387.3. The MCS-90 endorsement does not apply to injury to or death of the insured's employees while engaged in the course of their employment. According to the allegations of the underlying lawsuit, Jerry Wilson was either employed by Moore Freight or was an independent contractor. For purposes of the Moore Freight policy, an independent contractor is a statutory employee; therefore, the MCS-90 is not applicable.

25. Moore Freight has demanded that Plaintiff Canal provide a defense and indemnify them for the underlying lawsuit filed against them and other defendants in the United States District Court for the Eastern District of Pennsylvania.

26.     Plaintiff Canal contends and asserts that it has no duty under its commercial automobile policy, policy number PIA06396501, or any endorsements attached thereto, to defend and/or indemnify Moore Freight on the facts alleged in the underlying lawsuit filed in the United States District Court for the Eastern District of Pennsylvania. Therefore, an actual, justiciable controversy exists relating to the legal rights and duties of these parties.

27.     Further, Plaintiff Canal contends and asserts that the MCS-90 endorsement is not applicable under the facts alleged in the underlying lawsuit filed in the United States District Court for the Eastern District of Pennsylvania.  Therefore, an actual justiciable controversy exists relating to the legal rights and duties of the parties under the policy of insurance.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Canal Insurance Company prays:

1.     That process issue and be served upon the Defendants requiring each of them to answer this Complaint for Declaratory Judgment;

2.     For declaration of rights, obligations, and legal relations of the Plaintiff and Defendants by reason of the aforesaid policy of insurance;

3.     For a declaration that Plaintiff is not obligated to furnish legal counsel or otherwise provide a defense on behalf of Defendant Moore Freight in the underlying lawsuit filed in the United States District Court for the Eastern District of Pennsylvania;

4.     For a declaration that no coverage is afforded under the insured's policy and any endorsements thereto issued to Moore Freight, policy number PIA06396501, for the claims and demands made by any plaintiff or defendant in the underlying lawsuit filed in the United States District Court for the Eastern District of Pennsylvania;

0700074539-RDT

     5.     For a declaration that the MCS-90 endorsement to the Moore Freight policy is not applicable to the claims and demands made by any Defendants;

     6.     For the cost of this cause; and

     7.     For such other and further relief to which Plaintiff may be entitled under the facts and circumstances of this cause.

     Respectfully submitted,

     RAINEY, KIZER, REVIERE & BELL, P.L.C.

     By:   s/ R. Dale Thomas
           R. DALE THOMAS, #13439
           Attorney for Plaintiff Canal Insurance Company
           209 E. Main St.
           P. O. Box 1147
           Jackson, TN 38302-1147
           (731) 423-2414

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of this pleading or document was served upon counsel for each of the parties by mailing postage prepaid or by delivery to the person or office of such counsel.

    Barbara D. Holmes
    David P. Canas
    Tracy M. Lujan
    Harwell, Howard, Hyne, Gabbert, & Manner, P.C.
    333 Commerce Street, Suite 1500
    Nashville, TN  37201

    Attorney for Moore Freight Services, Inc.

    The undersigned certifies that a true copy of this pleading or document was served upon the following through the Court's electronic filing system.

    Ms. Maureen E. Daley
    Ms. Melissa R. Knoerzer
    Rawle & Henderson, LLP
    The Widener Bldg.
    One South Penn St.
    Philadelphia, PA  19107

    Attorney for T.A. Operating, LLC
    Attorney for Treston W. Harris

    Mr. Adam D. Wilf
    Lundy Law
    1635 Market St.
    19th Floor
    Philadelphia, PA  19103

Attorney for Patty C. Wilson, Indiv. and as Admin. of the Estate of Jerry Wilson

This the 26th day of November, 2013.

                                                    s/ R. Dale Thomas