UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CANAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:13-CV-447-TAV-HBG |
| | ) |
| MOORE FREIGHT SERVICES, INC., | ) |
| PATTY C. WILSON, individually and as | ) |
| Administrator of the ESTATE OF | ) |
| JERRY WILSON, TA OPERATING, LLC, | ) |
| TRESTON WESLEY HARRIS, | ) |
| EASTBRIDGE TRAILERS, COMPANY, | ) |
| MANAC, INC., MANAC TRAILERS USA, INC., | ) |
| HENDRICKSON, USA, LLC, and | ) |
| BOLER COMPANY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This civil action is before the Court on Defendant Treston Wesley Harris's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 43]. Plaintiff has responded in opposition to defendant's motion [Doc. 52]. For the reasons stated below, the Court will **GRANT** defendant's motion to dismiss.

**I.  Background**

Plaintiff Canal Insurance Company is a South Carolina corporation, with its principal place of business in Greeneville, South Carolina [Doc. 27 ¶ 1]. Plaintiff brought the underlying action for declaratory judgment pursuant to 28 U.S.C. §§2201–2202 against nine defendants [*Id*.]. The record shows that of the nine defendants, only

two are residents of Tennessee, or have their principal place of business in Tennessee [*Id.* ¶¶ 2–10]. The remaining defendants are domiciled in North Carolina, Ohio, Canada, Pennsylvania, and Illinois [*Id.*]. Defendant Harris is a resident of Pennsylvania [*Id.* ¶ 5]. Plaintiff's complaint alleges federal jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction [*Id.* ¶ 11].

The facts that give rise to plaintiff's complaint for declaratory judgment arise out of a wrongful death and survival action commenced by defendant Patty Wilson, individually and on behalf of her deceased husband, Jerry Wilson, who was employed by defendant Moore Freight Services ("defendant Moore Freight") [*Id.* ¶¶ 13, 16–17]. Defendant Wilson filed a lawsuit in the Eastern District of Pennsylvania alleging that on October 17, 2011, Jerry Wilson was driving a trailer supplied by defendant Moore Freight, in the course of his employment, when the "trailer's brakes began smoking and/or caught fire" [*Id.* ¶¶ 13, 17–18]. Defendant Wilson further alleged that "[w]hile responding to this situation, Jerry Wilson's heart stopped beating, and he died" [*Id.* ¶ 18]. Defendant Wilson brought her action for personal injury and wrongful death of Jerry Wilson against various defendants under theories of strict products liability and negligence [*Id.* ¶ 19].

Plaintiff issued a commercial automobile policy to defendant Moore Freight, which was in effect at the time of Jerry Wilson's death [*Id.* ¶ 20]. Plaintiff, however, contends that based on various exclusions and provisions of the policy of insurance, no duty to defend or indemnify is owed to the defendants in the Pennsylvania lawsuit [*Id.* ¶¶

2

21–24, 26]. Plaintiff, therefore, brought this action seeking a declaratory judgment from the Court declaring the rights, obligations, and legal relations of plaintiff and defendants, and declaring that plaintiff is not obligated to furnish legal counsel or indemnify defendant Moore Freight in the underlying suit [*Id*.].

**II.     Standard of Review**

In the context of a Rule 12(b)(2) motion based on lack of personal jurisdiction, the plaintiff bears the burden of establishing the existence of personal jurisdiction. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). A district court may address such a motion on the parties' submissions or it may permit limited discovery and hold an evidentiary hearing. *Id*. When, as here, the Court does not conduct an evidentiary hearing and relies solely on written submissions and affidavits to resolve the Rule 12(b)(2) motion, "the plaintiff need only make a prima facie showing of jurisdiction. In this situation, [the Court] will not consider facts proffered by the defendant that conflict with those offered by the plaintiff, and [it] will construe the facts in a light most favorable to the nonmoving party." *Indah v. S.E.C.*, 661 F.3d 914, 920 (6th Cir. 2011) (internal citations and quotations omitted). Because the Court relies solely on the written submissions and affidavits to resolve the jurisdictional issue, the burden on plaintiffs is "relatively slight." *See Air Prods.*, 503 F.3d at 549 (citing *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)).

In diversity cases, federal courts apply the law of the forum state, subject to constitutional limitations, to determine whether personal jurisdiction exists. *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998); *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994). Thus, a court must look not only to the forum state's long-arm statute, but also to the due process requirements of the United States Constitution. *Aristech*, 138 F.3d at 627; *Reynolds*, 23 F.3d at 1115. Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-214, expands the jurisdiction of Tennessee courts to the full limit permitted by due process. *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 645 (Tenn. 2009). When a state's long-arm statute reaches as far as the limits of the Due Process Clause, the two inquiries merge, and the Court need only determine whether the exercise of personal jurisdiction violates constitutional due process. *Aristech*, 138 F.3d at 627.

"Due process requires that a defendant have 'minimum contacts . . . with the forum states . . . such that he should reasonably anticipate being haled into court there.'" *Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 297 (1980)). This requirement ensures that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Schneider*, 669 F.3d at 701. Depending on the type of minimum contacts in a case,

4

Case 3:13-cv-00447-TAV-HBG   Document 58   Filed 06/09/14   Page 4 of 8   PageID #: 801

personal jurisdiction can take one of two forms, general or specific. *Air Prods.*, 503 F.3d at 550. Specific jurisdiction is the only type of jurisdiction at issue in this case.[1]

"Specific jurisdiction is confined to the adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Indah*, 661 F.3d at 920 (quoting *Goodyear Dunlop Tires Org. v. Brown*, 131 S. Ct. 2846, 2851 (2011). That is, specific jurisdiction "exposes the defendant to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997) (citing *Helicopteros Nacionales de Colombia S.A., v. Hall*, 466 U.S. 408, 414–15, nn. 8–10 (1984)). The United States Court of Appeals for the Sixth Circuit has developed three criteria for determining whether specific jurisdiction exists over a particular defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

Thus, for the exercise of specific personal jurisdiction to be appropriate, defendant Harris must have purposefully availed himself of the privilege of acting or causing a

---

[1] General personal jurisdiction exists when a defendant has "continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997). Plaintiff has not alleged, nor does the record show, that defendant Harris had continuous and systematic contacts with Tennessee, so general jurisdiction cannot be established.

5

consequence in Tennessee, the cause of action must arise from defendant Harris's activities in Tennessee, and defendant Harris's acts or the consequences of his acts must have a substantial enough connection with Tennessee to make the exercise of personal jurisdiction reasonable. *Mohasco*, 401 F.2d at 381.

**III. Analysis**

Defendant Harris argues that there is no basis for a finding of specific personal jurisdiction over him in Tennessee because he "has not acted, engaged in any activities or caused any consequence in Tennessee" [Doc. 43]. Defendant Harris also argues that it would be an extraordinary burden on him to litigate this declaratory judgment action in Tennessee because of the distance between his home state of Pennsylvania and Tennessee [*Id.*]. In response, plaintiff argues that Tennessee's Declaratory Judgment Act requires that all interested parties to the declaratory judgment action be joined [Doc. 52]. Plaintiff asserts that as an interested party, defendant Harris must be a party to the declaratory action [*Id.*]. Alternatively, plaintiff argues that if defendant Harris is dismissed for lack of personal jurisdiction, he should be estopped from challenging a later decision of this Court on the grounds that he did not have the opportunity to contest the declaratory judgment action [*Id.*].

Here, defendant Harris has not purposefully availed himself of the privilege of acting in Tennessee or causing a consequence in Tennessee, the cause of action did not arise from his activities in Tennessee, and his acts or the consequences of his acts do not have a substantial connection to Tennessee. Rather, plaintiff's cause of action arose

6

when Jerry Wilson died while operating defendant Moore Freight's trailer in Pennsylvania. Plaintiff has not alleged that defendant Harris had any continuous or systematic contacts with Tennessee. Instead, the record indicates that defendant has had no business with Tennessee, has never even visited the state, and has otherwise had no contact with the state [Doc. 43].

Although plaintiff argues that under the Tennessee Declaratory Judgment Act, it is required to join all interested parties to a declaratory judgment action, the Court notes that plaintiff has brought this action pursuant to 28 U.S.C. §§2201–2202 [Doc. 27 ¶ 11]. Regardless, it does not appear that the Tennessee Declaratory Judgment Act forecloses the duty of plaintiff to establish a court's personal jurisdiction over defendant. *See, e.g., Byers v. Auto-Owners Ins. Co.*, 119 S.W.3d 659 (Mo. Ct. App. 2003) (analyzing a Tennessee Court's exercise of jurisdiction in an action for declaratory judgment and finding that the court should have first addressed defendant's motion to dismiss for lack of personal jurisdiction). Additionally, in a factually similar case involving plaintiff, this Court has found that the Court lacked personal jurisdiction over the defendants where plaintiff sought a declaratory judgment. *See Canal Ins. Co. v. XMEX Transp., LLC*, No. 3:12-CV-178, 2013 WL 663742, at *8 (E.D. Tenn. Feb. 25, 2013) (holding that the court lacked personal jurisdiction over the defendants where the defendants did not purposefully direct their activities to Tennessee and plaintiff's cause of action did not arise from or relate to any contacts with Tennessee).

Therefore, the Court finds that exercising personal jurisdiction over defendant Harris would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process.

## IV. Conclusion

For the reasons stated above, the Court will **GRANT** Defendant Treston Wesley Harris's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 43]. Plaintiff's complaint against defendant Harris will be **DISMISSED.**

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE